Evans J.
delivered the opinion of the Court.
By the first clause of the Act of 1749, usually called the Insolvent Debtors’ Act, it is provided, that if any person sued, *151 impleaded, or arrested for any debt, duty, &c., shall be minded to make surrender of all his, her or their effects, towards the satisfaction of the debts, &c., “it shall and may be lawful for such person or persons to exhibit a petition to any of the Courts of Law from whence such process issued, certifying the causes of his, her or their imprisonment, together with an account of his, her or their estate,” <fcc., “and upon such petitition the Court may, and is hereby required, by order or rule, to cause the petitioner to be brought before them, and as well the creditors, at whose suit such person or persons shall stand charged, as all other creditors to whom he or she shall be indebted, be summoned by public notice to be given in one or other of the gazettes, or for want of a gazette, then in such manner as the said Court, or the Justices thereof shall direct, personally, or by their attorney, to be and appear at the said Court, or before the Justices of the said Court, respectively, on a day certain, by them for that purpose to be appointed at or after the expiration of the said three months; and upon the day of such appearance, if any of the creditors shall neglect or refuse to appear, upon affidavit made of the service of such rule or order in manner aforesaid, the Court shall in a summary way examine into the matter of the said petition,” &c.
Upon the construction of this clause, as applicable to this case, three questions are made:—■
1. That there was no order or rule summoning the creditors to appear, except one, by the Clerk, which is not a compliance with the Act. In the year 1759, when this Act was passed, there was no Court in the State out of the city of Charleston, where I presume all the Judges resided. So long as this state of things continued, it was at all times practicable to obtain an order of the Court for notice to creditors to appear. But at a subsequent period, when the population in the interior required the establishment of Nisi Courts, and subsequently of circuit Courts with original jurisdiction, it would have been extremely incon-veniant to require that a Judge’s order should be obtained before the debtor could progress with his application for the benefit of the Act, and hence I presume originated the practice of the Clerk’s granting the order or rule. This practice, although not *152 in strict conformity with the Act, has prevailed as far back as any member of this Court has any recollection of legal proceedings. It has existed so long without question, and is so convenient in practice, that this Court is not now disposed to disturb it. It no doubt had its origin in some rule of Court, or some judicial decision which has not come down to us.
2. That in this case there was no affidavit of the publication of the notice. There can be no doubt that the words of the Act should be pursued, and that the fact of publication should be verified by affidavit whenever the creditors neglect or refuse to appeal-. When the creditors do appear it may not be necessary. In this case certain of the creditors did appear; and as to them no affidavit of service may have been necessary: but as the Court cannot know but that there are other creditors, whose rights may be affected, there should always be satisfactory evidence by affidavit of the publication of the notice. The Act does not say by whom the affidavit should be made, but I presume the Clerk or any otheip person knowing the fact would be competent.
3. That the notice in this case does not require the creditors to appear on a day certain. This is certainly necessary, and the notice to appear on day of October, or such other day as the Court may order during the term, is certainly not a compliance with the law. If the three months should expire before the first day of the term, then the notice may be to appear at that time, but if the three months will not expire until after the commencement of the term, then the appearance day must be on some day during the term. To avoid difficulties, it will be proper that the prisoner should make his application on the day specified in his notice, and in that event his application for discharge may be then heard or continued to some other time during the term.
The motion to reverse the decision of the circuit Court is granted.